FARRINGTON *et al.*, Defendants in Errror, v. McDONALD, Plaintiff in Error.

1. In a suit upon a promissory note, if the defendant be personally served with process, he must answer the petition on or before the second day of the term at which he is bound to appear. (R. C. 1855, p. 1235, § 24.) This rule applies where an attachment is sued out in aid of such suit, in case there has been service of the writ of attachment in time for judgment at such term.

*Error to Vernon Circuit Court.*

On the 22d day of July, 1858, the plaintiffs filed their petition against defendant on a promissory note. Summons in the usual form issued July 23, 1858. This writ was served October 5, 1858. Before it was served, the plaintiffs filed an affidavit in which they alleged that the defendant was about fraudulently to convey or assign his property or effects so as to hinder or delay his creditors; that he had fraudulently conveyed or assigned his property or effects so as to hinder or delay creditors; that he had absconded or absented himself from his usual place of abode in this state so that the ordinary process of law could not be served upon him. Bond being given, a writ of attachment issued on the 5th of August, 1858, and property of the defendant was attached August 11, 1858. At this time no personal service was had upon defendant. At the instance of plaintiffs an order of publication was made. On the 5th of October, 1858, the writ of attachment was personally served on defendant. On the 8th day of November, 1858, the circuit court met, being the regular term of the court. On said 8th of November, 1858, the defendant filed a plea in the nature of a plea of abatement. By this plea the defendant alleged that he had not absconded or absented himself from his usual place of abode in this state so that the ordinary process of the law could not be served upon him. On the 4th day of the term the defendant filed a second plea in abatement. On the same day the plaintiff moved the court to strike out said plea, on the

ground that it had been filed out of time. The court granted the motion. On the same day the court rendered judgment by default against defendant, and refused to grant him leave to file a plea in bar, or to dissolve the attachment.

*Johnson & Ballou*, for plaintiff in error.

I. The defendant was not required to plead on the second day of the term. The court should have allowed him to file a plea in bar on the fourth day. The court erred in treating defendant's first plea as a nullity and rendering a judgment by default; also in overruling the motion to dissolve the attachment. There was a double service of the attachment.

*Freeman*, for defendants in error.

I. Defendant was bound to file his answer on or before the second day of the term. There was no answer of any kind filed until the fourth day. The circuit court did right in striking out the plea in abatement. No reason was given, or cause shown why it was not filed sooner. The court properly treated the first plea as a nullity. It did not controvert the matters charged in the affidavit for an attachment.

NAPTON, Judge, delivered the opinion of the court.

This was a suit upon a promissory note and was commenced in the ordinary way; but subsequently an attachment was sued out. There was personal service of the writ in time for a judgment at the first term. The only question in the case is, whether the defendant was bound to plead or answer on or before the second day of the term, as he unquestionably would have been if no attachment had been sued out; and upon this point, we think, the decision of the circuit court correct. We have not found any thing in the letter or spirit of the attachment law which requires a suit, under these circumstances, to progress with less speed than it would if no attachment had been sued out. On the contrary, the forty-second section of the act says that " when

the defendant has been served with the writ, or appears to the action, the proceedings in the cause shall be the same as in actions instituted by summons only."

Judgment affirmed; the other judges concur.